Gina M. Serra (#361172)
**RIGRODSKY LAW, P.A.**
1091 N. Palm Canyon Drive, Suite 9
Palm Springs, CA 92262
Telephone: (760) 406-8009
Facsimile: (302) 654-7530
Email: gms@rl-legal.com

*Counsel for Plaintiff Natalie Herman*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN JONES, derivatively on behalf of HIMS & HERS HEALTH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW DUDUM, DEBORAH AUTOR, PATRICK CARROLL, DELOS COSGROVE, ANJA MANUEL, CHRISTOPHER PAYNE, CHRISTIANE PENDARVIS, ANDREA PEREZ, KARE SCHULTZ, DAVID WELLS, YEMI OKUPE, MELISSA BAIRD, SOLEIL BOUGHTON, MICHAEL CHI, and IRENE BUCKLAND,<br><br>Defendants,<br><br>and<br><br>HIMS & HERS HEALTH, INC.,<br><br>Nominal Defendant. | Case No. 3:25-cv-05866-JD<br><br>The Hon. James Donato<br><br>**STIPULATION AND [PROPOSED] ORDER CONSOLIDATING RELATED SHAREHOLDER DERIVATIVE ACTIONS, APPOINTING CO-LEAD COUNSEL FOR PLAINTIFFS, AND STAYING PROCEEDINGS** |

[Additional caption on following page]

| | |
|---|---|
| NATALIE HERMAN, Derivatively on Behalf of Nominal Defendant HIMS & HERS HEALTH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW DUDUM, OLUYEMI OKUPE, PATRICK CARROLL, TOBY COSGROVE, ANJA MANUEL, CHRISTOPHER PAYNE, CHRISTIANE PENDARVIS, ANDREA PEREZ, KÅRE SCHULTZ, DAVID WELLS, and DEB AUTOR,<br><br>Defendants,<br><br>and<br><br>HIMS & HERS HEALTH, INC.,<br><br>Nominal Defendant. | Case No. 3:25-cv-06326-JD<br><br>The Hon. James Donato |

Plaintiffs in the above-captioned cases, Steven Jones and Natalie Herman (together, "Plaintiffs"), defendants Andrew Dudum ("Dudum"), Deborah Autor ("Autor"), Patrick Carroll ("Carroll"), Delos Cosgrove ("Cosgrove"), Anja Manuel ("Manuel"), Christopher Payne ("Payne"), Christiane Pendarvis ("Pendarvis"), Andrea Perez ("Perez"), Kare Schultz ("Schultz"), David Wells ("Wells"), Yemi Okupe ("Okupe"), Melissa Baird ("Baird"), Soleil Boughton ("Boughton"), Michael Chi ("Chi"), and Irene Buckland ("Buckland") (the "Individual Defendants"), and nominal defendant Hims & Hers Health, Inc. ("Hims" or the "Company" and, with the Individual Defendants, "Defendants," and with the Plaintiffs, the "Parties"), by and through their undersigned counsel, hereby stipulate

and agree as follows:

WHEREAS, on July 14, 2025, Plaintiff Steven Jones filed a verified shareholder derivative complaint in this Court (the "*Jones* Action") on behalf of Hims, asserting breaches of fiduciary duties, gross mismanagement, waste of corporate assets, unjust enrichment, insider trading, and violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against all of the Individual Defendants, and for contribution under Sections 10(b) and 21D of the Exchange Act against Defendants Dudum and Okupe;

WHEREAS, on July 29, 2025, Plaintiff Natalie Herman filed a verified shareholder derivative complaint in this Court (the "*Herman* Action" and, with the *Jones* Action, the "Related Derivative Actions"), on behalf of Hims, asserting breaches of fiduciary duties, aiding and abetting breach of fiduciary duties, insider trading, unjust enrichment, and waste of corporate assets against Defendants Dudum, Okupe, Carroll, Cosgrove, Manuel, Payne, Pendarvis, Perez, Schultz, Wells, and Autor, and for contribution under Sections 10(b) and 21D of the Exchange Act against Defendants Dudum and Okupe;

WHEREAS, under Fed. R. Civ. P. 42(a), when actions involve "a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";

WHEREAS, the Parties agree that the Related Derivative Actions challenge substantially similar alleged conduct and involve overlapping questions of law and fact, and that the administration of justice would best be served by consolidating the Related Derivative Actions;

WHEREAS, the Parties therefore respectfully submit that consolidation of the Related Derivative Actions under Fed. R. Civ. P. 42(a) is appropriate;

WHEREAS, to avoid potentially duplicative actions and to prevent any waste of the Court's and the Parties' resources, the Parties agree that the Related Derivative Actions should be consolidated for all purposes, including pre-trial proceedings and trial, into a single consolidated action under Lead Case No. 3:25-cv-05866-JD (hereinafter referred to as the "Consolidated Derivative Action");

WHEREAS, in order to realize the efficiencies made possible by consolidation of the Related Derivative Actions, Plaintiffs agree that Rowley Law PLLC and Rigrodsky Law, P.A.[1] shall be designated as Co-Lead Counsel for plaintiffs in the Consolidated Derivative Action;

WHEREAS, Defendants take no position regarding appointment of Co-Lead Counsel for plaintiffs;

---

[1] Attached hereto as Exhibits A and B are the firm resumes of Rowley Law PLLC and Rigrodsky Law, P.A., respectively.

WHEREAS, two earlier-filed and factually-related putative securities class actions are pending in this Court before the Honorable James Donato, captioned *Sookdeo v. Hims & Hers Health, Inc.*, et al.; No. 3:25-cv-05315-JD and *Yaghsizian v. Hims & Hers Health, Inc.*, et al.; No. 3:25-cv-05321-JD (together, the "Securities Litigation"), in which the plaintiffs assert federal securities claims against Hims and certain of its current officers and one director (both of whom are also named as individual defendants in the Related Derivative Actions);

WHEREAS, the Related Derivative Actions and the Securities Litigation are premised upon overlapping alleged conduct, and the claims and defenses in the Related Derivative Actions may be informed by resolution of motions to dismiss in the Securities Litigation;

WHEREAS, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" and, as a result, unless and until the Court in the Securities Litigation denies any forthcoming motions to dismiss to be filed by the Securities Litigation defendants, all discovery and other proceedings in the Securities Litigation will be stayed;

THEREFORE, the Parties, through their undersigned counsel, hereby stipulate and agree, subject to the approval of the Court, as follows:

1. The undersigned counsel for Defendants hereby accepts service of the

complaints in the Related Derivative Actions on behalf of all Defendants who have not been previously served.

2. The Related Derivative Actions shall be consolidated for all purposes, including pre-trial proceedings and trial, under Case No. 3:25-cv-05866-JD. Every pleading in the Consolidated Derivative Action shall bear the following caption:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE HIMS & HERS HEALTH, INC. STOCKHOLDER DERIVATIVE LITIGATION | Lead Case No. 3:25-cv-05866-JD<br><br>(Consolidated) |
| This Document Relates to:<br>ALL ACTIONS | |

3. All papers filed in connection with the Consolidated Derivative Action will be maintained in one file under Case No. 3:25-cv-05866-JD. All documents previously filed and/or served in the Related Derivative Actions shall be deemed part of the record in the Consolidated Derivative Action.

4. Co-Lead Counsel for plaintiffs in this Consolidated Derivative Action shall be Rowley Law PLLC and Rigrodsky Law, P.A.

5. Co-Lead Counsel shall have the sole authority to speak for plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and

shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

6. Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

7. Counsel for all Defendants may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representatives of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs.

8. All proceedings in the Related Derivative Actions and the subsequent Consolidated Derivative Action, including but not limited to all motion practice, obligations to respond to any complaint, and all discovery and disclosure obligations under the applicable local and federal rules, shall be stayed temporarily until either (1) the Securities Litigation is dismissed in its entirety, with prejudice, and all appeals related thereto have been exhausted, or is resolved or dismissed by settlement; or (2) the motions to dismiss the Securities Litigation are denied, and the PSLRA stay dissolves as a matter of law. Defendants are not required to move to dismiss, answer, or otherwise respond to any complaints in the Related Derivative Actions and the subsequent Consolidated Derivative Action during the

pendency of the stay. Defendants likewise shall not be required to move to dismiss, answer, or otherwise respond to any substantially similar derivative complaints that are subsequently filed and consolidated into this action during the pendency of the stay.

9. Notwithstanding the above, any of the Parties to the Related Derivative Actions may request that the Court lift the stay upon good cause shown by giving the other Parties at least twenty (20) business days' written notice that they believe such good cause exists and thereafter bringing the matter to the Court's attention and requesting that the voluntary stay be lifted.

10. This Order shall apply to each related purported shareholder derivative action involving the same or substantially the same allegations, claims, and defendants, and arising out of the same, or substantially the same, transactions or occurrences as the Consolidated Derivative Action, that is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of *In re Hims & Hers Health, Inc. Stockholder Derivative Litigation*, Case No. 3:25-cv-05866-JD, is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re Hims & Hers Health,*

*Inc. Stockholder Derivative Litigation*, Case No. 3:25-cv-05866-JD, and Co-Lead Counsel are to assist in assuring that counsel in subsequent actions receive notice of this Order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Derivative Action shall apply to all later shareholder derivative actions involving Hims filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, which actions shall be consolidated into the Consolidated Derivative Action.

11. If, during the pendency of the stay, Hims provides copies of any books and records to a stockholder in response to any Section 220 Demand ("Section 220 Documents") asserting the same or substantially similar claims as this action, Hims will also promptly produce copies of such Section 220 documents concerning the conduct challenged in this action to Plaintiffs, subject to counsel entering a reasonable and mutually agreed-to confidentiality or protective order governing the use and disclosure of any confidential material therein on substantially identical terms as any agreement or order governing the parties in the Securities Litigation or in a Related Derivative Action or in connection with such Section 220 Demand. To the extent any amended complaint is based on any information derived from the Section 220 Documents, Plaintiffs agree that references to such information will be filed under seal pursuant to applicable court rules.

12. The provision of discovery materials pursuant to this Stipulation, if

any, will not constitute a waiver of or in any way limit Defendants' substantive rights and defenses in this action or any Related Derivative Action, including but not limited to Defendants' right to file a motion to dismiss, motion to stay, or other appropriate challenge, arguing that Plaintiffs fail to adequately plead demand futility or make a pre-suit demand, nor will the provision of such materials, if any, constitute a waiver of or in any way limit Defendants' right to argue that Plaintiffs are not entitled to conduct formal discovery prior to establishing that Plaintiffs have adequately alleged standing.

13. In the event that a party-scheduled mediation or court-ordered settlement conference is held in an effort to settle the Securities Litigation, counsel for Defendants shall provide Co-Lead Counsel in this action with reasonable advance notice of said mediation and shall make a good-faith effort to include Plaintiffs in such mediation (subject to Defendants obtaining permission from that court and/or mediator and other parties to the mediation and/or settlement conference, as well as any insurers, as applicable). In the event that Plaintiffs are not permitted to attend such mediation and/or settlement conference, Defendants will make a good-faith effort to mediate separately with Plaintiffs at or around the same time. Defendants shall inform Plaintiffs upon the scheduling of any mediation with any other plaintiffs in a Related Derivative Action and shall make a good-faith effort to include Plaintiffs in any such mediation (subject to Defendants obtaining

requisite permissions). In the event that Plaintiffs are not permitted to attend such mediation with any other plaintiffs in a Related Derivative Action, Defendants will make a good-faith effort to mediate separately with Plaintiffs at or around the same time.

14. Upon occurrence of any of (1) the dismissal of the Securities Litigation in its entirety, with prejudice, by its court, and exhaustion of all appeals related thereto, or the settlement of the Securities Litigation; or (2) the denial of the motion to dismiss the Securities Litigation and the dissolution of the PSLRA stay, then the Parties to this action shall, within sixty (60) days, meet and confer regarding appropriate next steps in this action and notify the Court within said sixty (60) days after the occurrence of either of the events mentioned in this paragraph, and submit a proposed scheduling order governing further proceedings in this action, including the filing of any amended complaint and the date by which Defendants must answer, move against, or otherwise plead in response to the operative complaint in this action. Nothing in this Stipulation shall prevent or prejudice Defendants from moving for a continued stay of proceedings based on the pendency of other legal actions, or developments related to this case or other legal actions, or other grounds.

15. The Parties expressly reserve, and do not waive, any and all rights, claims, arguments or defenses of any kind in the Related Derivative Actions or the Consolidated Derivative Action, including defenses relating to jurisdiction, venue,

or forum, except as to sufficiency of service of process as to Defendants. This includes any defense from Defendants based on the exclusive forum provision in the Certificate of Incorporation of Hims & Hers Health, Inc., which in relevant part requires derivative actions and any actions asserting a claim for breach of fiduciary duty owed by a director or officer of the Company to be filed in the courts of the State of Delaware. The Parties waive any argument, and agree that they shall not assert, that the passage of time during the pendency of this stay in any way prejudices any claims, rights, or defenses, including those based on the exclusive forum provision in the Certificate of Incorporation of Hims & Hers Health, Inc. No part of this stipulation shall be construed as a waiver of any rights, claims, arguments, or defenses, including as to jurisdiction, venue, or forum.

**IT IS SO STIPULATED.**

DATED: August 22, 2025

**LAW OFFICE OF FRANCIS J. FLYNN, JR.**

By: */s/ Francis J. Flynn, Jr.*

Francis J. "Casey" Flynn, Jr., #304712
5067 Metropolitan Plz
Los Angeles, CA 90036
Telephone: (314) 662-2836
Email: casey@lawofficeflynn.com

**ROWLEY LAW PLLC**
Shane T. Rowley
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, New York 10606
Telephone: (914) 400-1920
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Counsel for Plaintiff Steven Jones and Proposed Co-Lead Counsel for Plaintiffs*

DATED: August 22, 2025

**RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*

Gina M. Serra (#361172)
1091 N. Palm Canyon Drive, Suite 9
Palm Springs, CA 92262
Telephone: (760) 406-8009
Facsimile: (302) 654-7530
Email: gms@rl-legal.com

Samir Aougab
1091 N. Palm Canyon Drive, Suite 9
Palm Springs, CA 92262
Telephone: (760) 406-8009
Facsimile: (302) 654-7530
Email: sa@rl-legal.com

**GRABAR LAW OFFICE**
Joshua J. Grabar
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 507-6085

Email: jgrabar@grabarlaw.com

*Counsel for Plaintiff Natalie Herman and Proposed Co-Lead Counsel for Plaintiffs*

DATED: August 22, 2025

**JONES DAY**

By: */s/ John C. Tang*

John C. Tang
Dennis F. Murphy, Jr.
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
Email: jctang@jonesday.com
Email: dennismurphy@jonesday.com

*Counsel for Defendants*

I, Gina M. Serra, am the ECF User whose ID and password are being used to file this STIPULATION AND [PROPOSED] ORDER CONSOLIDATING RELATED SHAREHOLDER DERIVATIVE ACTIONS, APPOINTING CO-LEAD COUNSEL FOR PLAINTIFFS, AND STAYING PROCEEDINGS. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all signatories concur in this filing.

Dated: August 22, 2025

*/s/ Gina M. Serra*
Gina M. Serra

**[Proposed] Order**

Pursuant to stipulation, it is so ordered.

Dated: ______________________ ____________________________________

Hon. James Donato
United States District Judge